Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Daimarely Villa**, an Arizona resident; and **Deyalin Limon**, an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**Penca Azul, LLC d/b/a El Charro Hipster Bar & Cafe,** an Arizona company; **Francisco Peralta,** an Arizona resident; and **Rebeca Azul Peralta,** an Arizona resident;<br><br>Defendants. | **Case No.**<br><br><br>**VERIFIED COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiffs Daimarely Villa and Deyalin Limon for their Verified Complaint against Defendants Penca Azul, LLC d/b/a El Charro Hipster Bar & Café ("El Charro); Francisco Peralta; and Rebeca Azul Peralta; hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants for their unlawful retention of Plaintiffs' tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**").

2. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiffs were employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiff Daimarely Villa resided in the District of Arizona.

7. At all relevant times to the matters alleged herein, Plaintiff Deyalin Limon resided in the District of Arizona.

8. Plaintiff Daimarely Villa is/was a full-time employee of Defendants between on or around October 5, 2022 to on or around November 10, 2022.

9. Plaintiff Deyalin Limon is/was a full-time employee of Defendants between on or around October 15, 2022 until on or around November 10, 2022.

10. At all relevant times, Plaintiff Daimarely Villa was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Deyalin Limon was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

12. El Charro is a company authorized to do business in Arizona.

13. El Charro is Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

14. Defendant Francisco Peralta is an Arizona resident.

15. Defendant Francisco Peralta has directly caused events to take place giving rise to this action.

16. Defendant Francisco Peralta is a member of El Charro.

17. Defendant Francisco Peralta is an owner of El Charro.

18. Defendant Francisco Peralta is an employer of El Charro.

19. Defendant Francisco Peralta has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

20. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Francisco Peralta is an employer.

21. Defendant Francisco Peralta supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

22. Defendant Francisco Peralta would instruct Plaintiffs to assist with bar and drink orders.

23. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Francisco Peralta is subject to individual and personal liability under the FLSA.

24. Defendant Rebeca Azul Peralta is an Arizona resident.

25. Defendant Rebeca Azul Peralta has directly caused events to take place giving rise to this action.

26. Defendant Rebeca Azul Peralta is a member of El Charro.

27. Defendant Rebeca Azul Peralta is an owner of El Charro.

28. Defendant Rebeca Azul Peralta is an employer of El Charro.

29. Defendant Rebeca Azul Peralta has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

30. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Rebeca Azul Peralta is an employer.

31. Defendant Rebeca Azul Peralta had the authority to hire and fire employees.

32. On or around October 5, 2022, Defendant Rebeca Azul Peralta hired Plaintiff Daimarely Villa.

33. On or around October 15, 2022, Defendant Rebeca Azul Peralta hired Plaintiff Deyalin Limon.

34. Defendant Rebeca Azul Peralta supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

35. Defendant Rebeca Azul Peralta would assign Plaintiffs tasks during their shifts.

36. Defendant Rebeca Azul Peralta determined the rate and method of Plaintiffs' payment of wages.

37. Defendant Rebeca Azul Peralta explained to Plaintiffs that they would receive an hourly rate and a percentage of their tips or a tip bonus.

38. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Rebeca Azul Peralta is subject

to individual and personal liability under the FLSA.

39. Upon reasonable belief, during Plaintiffs' employment with Defendants, Defendant Rebeca Azul Peralta and Defendant Francisco Peralta were legally married.

40. Defendant Rebeca Azul Peralta and Defendant Francisco Peralta have caused events to take place giving rise to this action as to which their marital community is fully liable.

41. Under the principle of marital community property, actions by one individual are imputed on the marital community property.

42. Plaintiffs further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

43. Defendants, and each of them, are sued in both their individual and corporate capacities.

44. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

45. Upon a good faith reasonable belief, Defendant El Charro, will have annual gross sales of at least $500,000 in 2022.

46. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

47. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

48. At all relevant times, Plaintiffs, in their work for Defendants, regularly used instrumentalities of interstate commerce.

49. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

50. Plaintiffs handled credit cards transactions for Defendants.

51. Plaintiffs are covered employees under individual coverage.

52. Plaintiffs are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS

53. The Defendant entity is a Mexican restaurant.

54. On or around October 5, 2022, Plaintiff Daimarely Villa commenced employment with Defendants as a server.

55. On or around October 15, 2022, Plaintiff Deyalin Limon commenced employment with Defendants as a server.

56. Plaintiffs' primary job duties include taking orders, delivering food, cleaning, and cashing out customers.

57. At all relevant times, Plaintiff Daimarely Villa was paid at a rate of $15.00 an hour plus tips.

58. At all relevant times, Plaintiff Deyalin Limon was paid at a rate of $14.50 an hour plus tips.

59. Plaintiffs were not provided their proper tips that they had earned.

60. Plaintiffs' managers would receive or defer Plaintiffs' tips.

61. Plaintiffs' managers would receive portions of tips that were earned by the waitstaff including Plaintiffs.

62. Plaintiffs would only receive a portion of their cash tips.

63. Plaintiffs did not receive credit card tips.

64. Defendants did not provide Plaintiffs with tip receipts.

65. For example, on or around October 29, 2022, Plaintiff Daimarely Villa cashed out a table for $108.81 with a tip of $25.11.

66. Plaintiff Daimarely Villa did not receive this tip money.

67. For example, on or around October 19, 2022, Politician Ruben Gallego came into El Charro with a large group of people and racked up large tabs.

68. Neither Plaintiffs received any tip money from Mr. Gallego's tabs.

69. Defendant Rebeca Azul Peralta illegally received tips.

70. On or around October 28, 2022, Plaintiff Daimarely Villa questioned Defendant Rebeca Azul Peralta about credit card tips and Defendant Rebeca Azul Peralta explained that credit card tips help pay for the business' bills because she pays them more than minimum wage.

71. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

72. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

73. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

74. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

75. On March 23, 2018, Congress enacted the Consolidated Appropriations Act,

2018 ("CAA"), which revised § 203(m).

76. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

77. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

78. Plaintiffs are employees entitled to all of their tips.

79. Defendants' owners, managers, and / or supervisors kept portions of Plaintiffs' tips.

80. In addition to the amount of unpaid tipped wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

81. Defendants' actions in failing to properly compensate Plaintiffs, in violation of the FLSA, were willful.

82. Defendants have not made a good faith effort to comply with the FLSA.

83. Plaintiffs are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed the following act:

    i. violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

    ii. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

 B. For the Court to award an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

 C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

 D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

 E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

 F. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 15, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
  5050 N. 40th St., Suite 260
  Phoenix, AZ 85018
  Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

*Daimarely E. Villa Garcia*
_____
Daimarely Villa


_____
Deyalin Limon

## **VERIFICATION**

Plaintiffs declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Daimarely Villa


_____
Deyalin Limon